UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH SAMUEL BERNER, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:09-cv-00685-SEB-JMS |
| | ) | |
| OUTDOOR ENVIRONMENTS GROUP, LLC, | ) | |
| DANIEL KILLINGER, and CHAD BRUICK, | ) | |
|     *Defendants*. | ) | |

## ORDER

Presently before the Court is Plaintiff's Second Motion to Serve Additional Requests for Admissions (the "Motion"). [Dkt. 44.] Through it, Plaintiff seeks leave to serve forty requests for admission ("RFAs") upon Defendant Outdoor Environments Group, LLC ("OEG"), beyond the twenty-five RFAs already authorized by Local Rule 36.1 and beyond the eighteen additional RFAs that the Court previously authorized [dkt. 31]. OEG objects to the Motion on two grounds, neither of which the Court finds ultimately persuasive.

First, the Court declines OEG's invitation to summarily deny the Motion under Local Rule 37.1 for Plaintiff having filed a "discovery motion" without certifying that he "made a reasonable effort to reach agreement with [the] opposing attorney(s)" about the discovery dispute, L.R. 37.1. Plaintiff's counsel advises that he didn't include such a certification because he never conducted a meet-and-confer about serving excess RFAs. He thought, incorrectly, that LR 37.1 covered only discovery disputes.[1] Given that he hadn't yet served the motion, he believed there was no dispute to discuss.

---

[1] This interpretation of the rule is perhaps supported by its title, "Local Rule 37.1 – Informal Conference to Settle Discovery Disputes." However, the contents of the rule indicate that its provisions are to apply to "any discovery motion" which would include a motion of the sort at issue here.

- 1 -

Discovery should be a self-managed process, *see In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 412 (N.D. Ill. 2006), and a meaningful meet-and-confer narrows and/or eliminates issues that must be briefed—thereby saving everyone time and effort. Local Rule 37.1 requires requires a conference on "any discovery motion." So one should have occurred here before the motion was filed.[2] But because noncompliance with Local Rule 37.1 only permits—not requires—the Court to summarily deny a discovery motion and because the issue presented here is straightforward and already fully briefed, the Court will consider the Motion's merits.

Regarding the merits of the Motion, the Court disagrees with OEG that the Motion represents excessive discovery for a straightforward overtime case. The RFAs that Plaintiff proposes to serve ask OEG to admit that, during various pay periods, Plaintiff didn't supervise two or more employees, thus preventing OEG from establishing the "executive employee" defense that OEG has raised, *see* 29 C.F.R. § 541.100. Plaintiff originally tried to obtain the factual basis for OEG's defense by an interrogatory requesting that OEG identify the employees whom Plaintiff allegedly supervised and the dates that he supervised them as well as the number of hours that he supervised them. [*See* dkt. 46 ¶3.] But while OEG identified the employees, it declined to specify the dates and hours that it claims he supervised them, instead stating "[s]ee documents produced; discovery is ongoing, and Plaintiff has not been deposed." [*Id.* ¶4.] A vague "see documents produced" is, however, not an acceptable response under Federal Rule of Civil Procedure 33(d) because that provision requires the answering party to "specify[] the records that must be reviewed [to derive the answer], **in sufficient detail** to enable the interrogating party to locate and identify [the answer] as readily as the responding party could.

---

[2] The Court is somewhat puzzled why OEG would rather draft a brief complaining about excessive discovery costs than call Plaintiff's counsel to attempt to resolve the dispute informally. Just because one side failed to meet-and-confer doesn't mean that other can't initiate a conference.

Fed. R. Civ. Pro. 33(d)(1) (emphasis added).  Nor may the fact that discovery hasn't been completed justify not disclosing facts already known.  *See* Fed. R. Civ. Pro. 26(d)(2).  Because OEG didn't adequately answer Plaintiff's interrogatory originally, the additional RFAs are appropriate and should, as Plaintiff notes, help simplify the issues for the trial.

Accordingly, Plaintiff's Motion is **GRANTED**.  The RFAs attached to it [dkt. 44-1] are deemed served as of the date of this Order.

01/08/2010

_____
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only**:

James F. Ehrenberg Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com